UNITED STATES DISTRICT COURT                             CG7285
SOUTHERN DISTRICT OF NEW YORK

FAUSTO CARRABALLO and CESAR MARTINEZ,

        Plaintiffs,

  -against-                        **COMPLAINT AND DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK, P.O. KEITH KUCERAK, P.O. WILLIAM BADALA, P.O. MICHAEL DOWNES and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

        Defendants.

---

Plaintiffs, FAUSTO CARRABALLO and CESAR MARTINEZ, by their attorneys, MYERS & GALIARDO, LLP, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. KEITH KUCERAK, P.O. WILLIAM BADALA, P.O. MICHAEL DOWNES and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of

Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiffs, both Hispanic-Americans, were and are residents of Bronx, New York, located in the Southern District of New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. KEITH KUCERAK, P.O. WILLIAM BADALA, P.O. MICHAEL DOWNES and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On September 28, 2004, at approximately 8:30 p.m., after leaving a local bar/restaurant, Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ were heading down a sidewalk on or about Maran Place near its intersection with White Plains Road, Bronx, New York.

12. Without warning or justification, the Defendant Police Officers ran upon Plaintiffs and physically wrestled them to the ground.

13. While Plaintiffs lay helpless on the sidewalk, the Defendant Police Officers did hit and kick them, causing injuries.

14. Plaintiffs asked the Police Officer why they were being assaulted. The Police Officers told them to "shut up" and then forcibly handcuffed them.

15. The Police Officer unjustly and without probable cause arrested Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ.

16. After being handcuffed, the Police Officers told Plaintiffs that they were wanted for "breaking into a building". The Plaintiffs denied the allegation and told the Police Officers that they had just left a local bar and that witnesses could attest to their presence there. The Police Officers ignored their claims.

17. Both Plaintiffs, young men with no criminal records, were arrested in their own neighborhood and handcuffed in front of their peers.

18. The Plaintiffs were transported to the 49th Precinct, where Plaintiffs repeatedly told the Police Officers that they had made a mistake and arrested the wrong individuals.

19. The Plaintiffs offered the names and telephone numbers of alibi witnesses who could verify their presence in the bar at the time of the alleged crime. Again, their pleas were ignored.

20. One Police Officer falsely claimed that he had injured his knee while chasing the Plaintiffs from the scene of the alleged burglary.

21. The defendant Police Officers filled out false and misleading paperwork which implicated them in the commission of the alleged crime. The defendant Police Officers provided the false and misleading paperwork to the District Attorney's Office.

22. While at the Precinct, Plaintiffs indicated that they required medical attention. The Police Officers told them that if they went to the hospital it would "take longer to see the judge".

23. On September 29, 2004, both Plaintiffs were arraigned in Bronx County Criminal Court and charged with, *inter alia*, felony counts of Burglary in the Second Degree and Assault in the Second Degree.

24. Both plaintiffs remained incarcerated.

25. On or about October 4, 2004, the Plaintiffs appeared in court for the purpose of testifying before the grand jury in defense of the false charges against them.

26. The case was never presented to the grand jury and on that same day the District Attorney moved to dismiss all charges against the Plaintiffs.

27. Prior to their release, Plaintiffs each spent three (3) days in custody.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

28. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 27 with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

30. All of the aforementioned acts deprived Plaintiffs, FAUSTO CARRABALLO and CESAR MARTINEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

34. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

35. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. All of the aforementioned Defendants conspired to violate Plaintiffs' civil rights by agreeing among themselves to falsely charge Plaintiffs with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF: FALSE AREST UNDER 42 U.S.C 1983

37. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. As a result of Defendants' aforementioned conduct, Plaintiffs, FAUSTO CARRABALLO and CESAR MARTINEZ, were subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned,

detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

39. As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety and subjected to handcuffing, and other physical restraints, without probable cause.

40. As a result of their false arrest, Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ were subjected to humiliation, ridicule and disgrace.  Plaintiffs were discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

41. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if fully set forth herein.

42. Defendants issued legal process to place Plaintiffs under arrest.

43. Defendants arrested Plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

44. Defendants acted with intent to do harm to Plaintiffs without excuse or justification.

## SIXTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. 1983

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

46. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

47. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

48. As a result of the excessive force and brutality, Plaintiffs sustained substantial pain, bruising and swelling about their bodies.

49. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.

**FIFTH CLAIM FOR RELIEF:**
**<u>MUNICIPAL LIABILITY</u>**

50. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

51. Defendant Police Officers P.O. KEITH KUCERAK, P.O. WILLIAM BADALA, P.O. MICHAEL DOWNES and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested FAUSTO CARRABALLO and CESAR MARTINEZ despite a complete lack of evidence against them, notwithstanding their knowledge that said arrest would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

52. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

54. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

55. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ.

56. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ as alleged herein.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

60. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

61. All of the foregoing acts by Defendants deprived Plaintiffs FAUSTO CARRABALLO and CESAR MARTINEZ of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon him; and

    g. To receive equal protection under the law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff FAUSTO CARRABALLO demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

WHEREFORE, Plaintiff CESAR MARTINEZ demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         December 30, 2004

                                        Respectfully submitted,

                                        _____
                                        Christopher D. Galiardo (CG 7285)

                                        MYERS & GALIARDO, LLP
                                        Attorneys for Plaintiffs
                                        122 East 42nd Street, Suite 2710
                                        New York, New York 10168
                                        (212) 986-5900